IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

LUIS AVELLANA,                          §
                                        §
        *Plaintiff*,                    §
                                        §
VS.                                     §        CIVIL ACTION NO. SA-24-CV-1317-FB
                                        §
FRANK BISIGNANO, COMMISSIONER OF        §
SOCIAL SECURITY ADMINISTRATION,         §
                                        §
        *Defendant*.                    §

## ORDER ACCEPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate

Judge filed in the above styled and numbered cause on November 7, 2025 (docket #17).  The

CM/ECF system reflects that as of this date, no objections to the Report and Recommendation have

been filed.[1]

In the Report, United States Magistrate Judge Chestney found that substantial evidence does

not support the ALJ's mental RFC (residual functional capacity) regarding Plaintiff's ability to

interact with others and therefore, recommends that the Commissioner's decision finding Plaintiff

not disabled be VACATED and the case REMANDED for further findings and proceedings in

accordance with the Report and Recommendation.  The Court agrees.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the

Court need not conduct a de novo review.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

---

[1]    Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation.  28 U.S.C. § 635(b)(1).  If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C).  If service is made by electronic means, "service is complete upon transmission." *Id.* at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served.  *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure.  In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service.  *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment.  The amendments took effect on December 1, 2016.").

make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner finding Plaintiff is not disabled shall be VACATED and this case REMANDED for further findings and proceedings in accordance with the Report and Recommendation.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on November 7, 2025 (docket #17), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that the decision of the Commissioner finding Plaintiff is not disabled is hereby VACATED and this case REMANDED for further findings and proceedings in accordance with the Report and Recommendation.

IT IS FURTHER ORDERED that the Clerk forward a certified copy of this order to the Commissioner of the Social Security Administration, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of November, 2025.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE

-2-